**Robert Lee DAVIS, Plaintiff,**

v.

**Robert L. WILLIAMS, Sr., Defendant.**

**No. CIV–83–964E.**

United States District Court,
W.D. New York.

July 22, 1985.

Hugh F. Brantley, Rochester, N.Y., for plaintiff.

Robert L. Williams, Sr., pro se.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Plaintiff, a migrant farmworker, has brought this action alleging violations of the Farm Labor Contractor Registration Act ("the FLCRA"), 7 U.S.C. § 2041 et seq.,[1] and the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201 et seq. Presently before the Court is plaintiff's motion for entry of default judgment.

Briefly stated, plaintiff's claim is as follows. During the summer of 1981 plaintiff, who was seventeen years old and a Florida citizen, was working picking crops in North Carolina. Plaintiff asserts that he was approached by a recruiter for defendant who offered him work in New York picking apples for relatively high pay. Plaintiff was introduced to defendant who allegedly paid the recruiter a $5 fee. Defendant and his assistants drove a bus con-

taining plaintiff and others to a "migrant labor camp" located in Wyoming County, N.Y., a two-day trip during which plaintiff was required to sleep on the bus. Upon arrival at the camp, plaintiff alleges, he learned that the work did not involve picking apples and did involve the harvesting of potatoes, a substantially less profitable enterprise. The living conditions and toilet facilities at the camp were filthy and no food was provided during plaintiff's stay (plaintiff said he was ultimately forced to scavange potatoes and cucumbers). Plaintiff alleges that he worked some thirteen hours over three days on potatoes with defendant's crew at which point he was fired. Although defendant allegedly loaned plaintiff $10 upon arrival at the camp, plaintiff did not receive any other pay for his efforts and had to fend for himself to return home.

Plaintiff seeks statutory damages for thirteen alleged violations by defendant of the FLCRA, to wit: (1) knowingly giving false information concerning the terms, conditions or existence of agricultural employment (7 U.S.C. § 2044(b)(2)); (2) failure to provide requisite written disclosures at time of recruitment (7 U.S.C. § 2045(b)); (3) failure, without justification, to comply with the terms of working arrangements made with a migrant worker (7 U.S.C. § 2044(b)(4)); (4) failure to pay wages when due (7 U.S.C. § 2045(g)); (5) failure upon arrival at the place of employment to post in a conspicuous place a written statement of the terms and conditions of that employment (7 U.S.C. § 2045(c)); (6) failure to post terms and conditions of occupancy of the camp housing facilities (7 U.S.C. § 2045(d)); (7) failure to maintain proper payroll records (7 U.S.C. § 2045(e)); (8) failure to provide plaintiff with a written statement of the amount received by defendant on account of plaintiff's labor and an itemized statement showing amounts and purposes of deduction therefrom (7 U.S.C. § 2045(e)); (9) engaging an unregistered farm labor contractor employee (7 U.S.C.

---

**1.** The FLCRA was superseded April 14, 1983 by the Migrant and Seasonal Agricultural Worker Protection Act ("the MSPA"), 29 U.S.C. § 1801 et seq.

388

§§ 2043, 2044(b)(9)); (10) housing migrant workers on property not in compliance with requisite health standards (7 U.S.C. § 2044(b)(12)); (11) failure to exhibit a certificate of registration upon the recruitment of plaintiff (7 U.S.C. § 2044(b)(9)); (12) failure to obtain the authorization required of a person driving a vehicle for the transportation of migrant workers (7 U.S.C. § 2043, 29 C.F.R. § 40.19(b) (1979)); and (13) transporting migrant workers in an unauthorized vehicle (7 U.S.C. §§ 2043, 2044(b)).

Plaintiff has also brought two claims under the FLSA, alleging that defendant failed to maintain proper payroll records and that he intentionally failed to pay plaintiff the required federal minimum wage. Although plaintiff initially sought $88 damages under these two claims, he has since waived those damages as possibly duplicating claims brought under the FLCRA.

Defendant was properly served with the Summons and Complaint in this matter pursuant to Fed.R.Civ.P. rule 4(e) September 15, 1983 by delivery to an adult woman identifying herself as Mrs. Williams at defendant's Florida address and by subsequent mailing (affidavit of Michael D. Guare filed September 29, 1983). Moreover, defendant was additionally put on notice of this action by substituted service upon the Secretary of the United States Department of Labor which service was permitted by this Court's Order of December 20, 1983 [2] (see Hugh F. Brantley affidavit of service filed January 20, 1984.) Upon motion by plaintiff, the Clerk of this Court entered defendant's default March 14, 1984, pursuant to Fed.R.Civ.P. rule 55(a). Plaintiff has now moved for default judgment under Fed.R.Civ.P. rule 55(b)(2).

The entry of default judgment is discretionary. Plaintiff has submitted his own and several affidavits of his attorney in support of the present motion as well as United States Department of Labor records relating to other investigations of defendant—and administrative findings of earlier violations of the FLCRA by defendant, similar to those alleged here—and other exhibits.

■ The standards governing entry of default judgment as set forth in *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885), are still valid. Such a decree

"is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true." *Id.* at 113, 5 S.Ct. at 792.

Accordingly, taking the well pleaded facts in the present case as true—*see also Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir.1971), reversed on other grounds, 409 U.S. 363 (1973); *Nishimatsu Construction Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)—, it is clear that plaintiff has amply supported his allegations under the FLCRA and the FLSA. Plaintiff seeks $500 damages for each of the thirteen alleged violations of the FLCRA. Civil relief under the FLCRA is governed by 7 U.S.C. § 2050a. Specifically, § 2050a(b) [3] of the statute provided in relevant part:

"If the court finds that the respondent has intentionally violated any provision of this chapter or any regulation prescribed hereunder, it may award damages, or $500 for each violation, or other equitable relief."

Plaintiff asserts that the relief sought must be automatically granted once a violation has been established. *Cf. Stewart v. James*, 519 F.Supp. 315 (E.D.N.Y.1981); *DeLeon v. Ramirez*, 465 F.Supp. 698 (S.D.

---

**2.** Plaintiff's attorney, in a November 29, 1983 affidavit in support of plaintiff's motion to proceed by substituted service, averred that he was informed by the United States Department of Labor that defendant was federally registered as a farm labor contractor for 1983. Both the FLCRA and the MSPA require assent to substituted service on the Secretary as a condition of registration.

**3.** Now repealed, but see 29 U.S.C. § 1854(c).

N.Y.1979). The language of the statute, however, appears to imply that such award be made in the court's discretion. It states that the court *"may* award damages, or $500 for each violation, or *other* equitable relief." (My emphasis.) *See Alvarez v. Joan of Arc, Inc.,* 658 F.2d 1217 (7th Cir. 1981); *Alvarez v. Longboy,* 697 F.2d 1333 (9th Cir.1983). Under either approach, the result is the same in this case inasmuch as defendant's flagrant disregard of the statutory provisions warrants imposition of the entire statutory amount. Although the statute requires that the violations by defendant be intentional, such requirement has been liberally construed—given the remedial purposes of the act—to hold a person liable for the natural consequence of his or her acts, rather than require proof of specific intent or bad faith. *See DeLeon v. Ramirez, supra* at 705; *Castillo v. Givens,* 704 F.2d 181, 198 (5th Cir.) *cert. denied, sub nom. Givens v. Castillo,* 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983). Even without this liberal construction, a finding that defendant intentionally violated the FLCRA is particularly compelled here.

Accordingly, it is hereby ORDERED that plaintiff's motion for default judgment is granted and that judgment be entered in the amount of $6,500.