**UNITED STATES of America, Plaintiff,**

v.

**Stephen TARVER, Defendant.**

**No. C86–0135–B.**

United States District Court,
D. Wyoming.

Sept. 4, 1986.

Frederick M. Morgan, Jr., Dept. of Justice, Washington, D.C., for plaintiff.

Stephen Tarver, pro se.

ORDER GRANTING SUMMARY JUDGMENT, DISMISSING DEFENDANT'S COUNTERCLAIM, AND DENYING SANCTIONS

BRIMMER, Chief Judge.

This matter came before the Court on the plaintiff's motion for summary judgment. The Court, having heard the arguments, having reviewed the pleadings, and being fully advised in the premises, FINDS and ORDERS as follows:

The United States brought this action seeking civil penalties for violations of the Ethics in Government Act, 2 U.S.C. § 701 et seq. In July 1984, Stephen Tarver filed to appear on the Republican primary ballot as a candidate for the United States Senate. Mr. Tarver's name subsequently appeared on the Wyoming Republican primary ballot. Mr. Tarver was defeated in the September 11, 1984 primary election.

On December 10, 1984, the Senate Ethics Committee informed Mr. Tarver of his responsibility, pursuant to Section 101(d) of the Ethics in Government Act, 2 U.S.C. § 701(d), to file financial disclosure statements with the Committee. Mr. Tarver responded by a letter dated December 10, 1984. He stated that, because the Committee failed to notify him of the Act prior to the primary election, he felt no obligation to comply with the disclosure requirements.

The Committee wrote to Mr. Tarver on January 2, 1985, again informing him of the Act's disclosure provisions. The letter stated that the matter would be referred to the Attorney General if a report was not received within twenty days. Mr. Tarver's reply asserted that he was not subject to the filing requirements. He relied primarily on the fact that the petition he filed in order to be placed on the Wyoming primary ballot did not disclose the filing requirements.

Attorneys for the United States then informed Mr. Tarver that a civil action under the Act would be brought against him unless he filed a disclosure statement, entered a consent decree prohibiting future violations and paid a civil penalty. On April 28, 1986, Mr. Tarver submitted a financial statement but refused to enter a consent decree or to pay a civil penalty. The United States filed this action seeking an injunction against further violations of the Act and an award of civil penalties in the amount of $5,000. Mr. Tarver's answer admits substantial portions of the complaint but denied liability. Mr. Tarver also counterclaimed for extortion, slander, malicious prosecution and abuse of process. The United States moved for summary judgment on its complaint, to strike the defendant's demand for a jury trial, for dismissal of the counterclaim, and for sanctions against Mr. Tarver pursuant to Rule 11, Fed.R.Civ.P.

The Ethics in Government Act requires that candidates for federal office file financial disclosure statements within thirty days of becoming a candidate. 2 U.S.C. § 701(d). 2 U.S.C. § 707(9) defines "candidate" as:

an individual, other than a Member, who seeks nomination for election, or election, to the Congress whether or not such an individual is elected, and for purposes of this paragraph, an individual shall be deemed to seek nomination for election, or election, (A) if he has taken the action necessary under the law of a State to qualify himself for nomination for election, or election, or (B) if he or his principal campaign committee has taken action to register or file campaign reports required by Section 304(s) of the Federal Election Campaign Act of 1971.

In this case, Mr. Tarver was a candidate under the Act. He filed an "Application For Nomination Or Election By Party Primary" with Wyoming's Secretary of State. This caused him to become a candidate for federal office under Wyoming law. Wyo. Stat. § 22–5–204 (1977). Mr. Tarver therefore became a candidate under 2 U.S.C. § 707(9)(A) and was subject to the filing requirements of 2 U.S.C. § 701(d). Mr. Tarver admits that he was a candidate for federal office and that he did not file financial statements until April, 1986. He asserts, however, that he did not violate the Act because he was ignorant of the law and because the deadline for filing passed.

Neither assertion has merit. On two occasions Mr. Tarver was informed of his obligation to file. The argument that filings after an election are not required is spurious. A reading of the Act demonstrates that Congress intended those who file untimely reports to be subjected to civil liability for violating the Act.

The Act requires that reports submitted by defeated candidates be destroyed within one year after the individual is no longer a candidate. 2 U.S.C. § 704(d). Congress therefore must have intended that candidates who fail to file in a timely fashion must nevertheless submit the required reports. Moreover, 2 U.S.C. § 705(a) requires that the designated House and Senate committees determine whether reports are timely and inform individuals of their failure to comply. This obligation would be meaningless if a candidate is not required to file after an election. The Act further provides that "[e]ach Member in office on May 15 of a calendar year shall file on or before May 15 of that year a report containing the information as described in section 702(a) of this title." 2 U.S.C. § 701(a). Nonmembers must file within thirty days of becoming a candidate. 2 U.S.C. § 701(d). These provisions were intended to implement the Act's goal of making candidate's financial data available to the public in a timely fashion. The deadlines do not, however, permit a candidate to avoid the Act merely by failing to file.

The Act provides civil penalties up to $5,000 for knowing and willful violations of the filing requirements. 2 U.S.C. § 706. A statutory violation is knowing and willful when an individual intentionally disregards the statute or is indifferent to its requirements, *United States v. Central Illinois R.R. Co.*, 303 U.S. 239, 243, 58 S.Ct. 533, 535, 82 L.Ed. 773 (1938); *United States v. Dye Construction Co.*, 510 F.2d 78, 81 (10th Cir.1975). In this case, Mr. Tarver was twice informed of the requirements of the Act and that those requirements applied to him. He refused to comply, although he possessed full knowledge of the Act. Mr. Tarver's violation was therefore knowing and willful.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Only disputed facts affecting the outcome of a suit preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, —— U.S. ——, —— ——, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (U.S., 1986). This standard mirrors that for a directed verdict: if, under the governing law, there can be only one reasonable conclusion as to the verdict, the court must direct a verdict. *Id.* at ——, 106 S.Ct. at 2511.

In this case, the complaint, the answer and the exhibits show that summary judgment is appropriate. Mr. Tarver admits he was a candidate for United States Senator, that he was twice informed of his obligation to file, and that he did not file until threatened with this action. These facts show a clear violation of the Ethics in Government Act, and summary judgment must be granted in favor of the United States. The government seeks a civil penalty of $5,000.00. In view of the circumstances of this case, the Court awards the sum of $500.00. This amount is sufficient to deter others without being punitive.

Similarly, Mr. Tarver's counterclaim alleging extortion, slander, malicious prosecution and abuse of process against the United States must be dismissed. An independent basis of jurisdiction must exist for a counterclaim to lie. *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1490 (10th Cir.1984), *cert. denied, Jarboe-Lackey Feedlots, Inc. v. U. S.,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1985). The United States is subject to suit only when it consents to suit. *Vicenti v. United States,* 470 F.2d 845, 848 (10th Cir.1972), *cert. dismissed,* 414 U.S. 1057, 94 S.Ct. 561, 38 L.Ed.2d 243 (1973). The Tort Claims Act exempts the United States from suit for malicious prosecution, abuse of process, libel, slander, misrepresentation or deceit. 28 U.S.C. § 2680(h). Mr. Tarver's counterclaim thus fails to state a claim for which relief can be granted and must be dismissed pursuant to Rule 12(b)(6), Fed.R. Civ.P.

Finally, the United States seeks sanctions against Mr. Tarver pursuant to Rule 11, Fed.R.Civ.P. Rule 11 provides that a signature on a pleading constitutes a certificate by an attorney or a pro se litigant that, after reasonable inquiry, the pleading is well grounded in fact and warranted by existing law. The United States contends that Mr. Tarver should have discovered that the Federal Tort Claims Act bars his counterclaim. Mr. Tarver's failure, the government argues, shows that he did not conduct the reasonable inquiry required by Rule 11. A review of the briefs and the pleadings persuades the Court that this is not a case of vexatious litigation where sanctions are appropriate, particularly against a pro se litigant. Therefore, it is

ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, granted and that civil penalties in the amount of $500.00 be assessed against the defendant. It is further

ORDERED that plaintiff's motion to dismiss the counterclaim be, and the same hereby is, granted. It is further

ORDERED that plaintiff's motion for sanctions against the defendant be, and the same hereby is, denied.