Charles P. **ADKINS** et al., Plaintiffs,

v.

Philip E. **TESEO** et al., Defendants.

No. Civ.A.01–138(RMU).

United States District Court,
District of Columbia.

July 17, 2001.

Ford C. Ladd, John Peter Connolly, Alexandira, VA, for plaintiffs.

### MEMORANDUM OPINION

URBINA, District Judge.

**Entering Default Judgment for the Plaintiffs; Confirming Arbitration Award and Taxation of Costs Against the Defendants**

## I. INTRODUCTION

This matter is before the court on the plaintiffs' motion to enter default judgment and tax costs against the defendants. Specifically, the plaintiffs seek default judgment in the form of the confirmation of an arbitration award entered by the National Association of Securities Dealers, Inc. ("NASD"). For the reasons stated below, the court will grant the plaintiffs' motion for entry of default judgment and will confirm and enter judgment on the arbitration award made *In the Matter of Arbitration Between Charles P. Adkins, Jane E. Adkins, and Adkins & Co., Inc. v. Philip E. Teseo and Victor M. Wang,* NASD Regulation, Inc. File No. 99–00850.

## II. BACKGROUND

The events giving rise to this case began when the plaintiffs opened a securities account with Duke & Co., Inc., a company controlled, managed and directed by defendants Victor M. Wang and Philip E. Teseo. *See* Pls.' Mem. in Support of Mot. for Entry of Default Judgment ("Pls.' Mem.") at 1. According to the plaintiffs, defendants Wang and Teseo used Duke & Co. to defraud the plaintiffs and others of their investments. *See id.* The defendants' actions have resulted in federal and state criminal proceedings brought by both the U.S. Attorney for the Southern District of New York and the New York City District Attorney. *See id.* Defendant Wang has pleaded guilty to federal and state criminal charges. *See id.* Defendant Teseo has pleaded guilty to state charges. *See id.* at 2.

Pursuant to a binding arbitration provision in the plaintiffs' customer agreement with Duke & Co., the plaintiffs brought an arbitration proceeding before the NASD to recover damages for: (i) violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder; (ii) control person liability under Section 20(a) of the Securities Exchange Act of 1934; (iii) violation of Section 13.1–502 of the Virginia Code; (iv) violation of the NASD Rule of Fair Practice; (v) breach of contract; (vi) constructive fraud; and (vii) actual fraud and deceit.

On February 9, 2000, the NASD arbitration panel held that defendants Wang and Teseo were jointly and severally liable to the plaintiffs for a total sum of $572,000, plus 6% interest on $232,000 from August 1, 1997 until the award is paid in full. This sum is comprised of:

A. Compensatory damages in the amount of

1. $232,000 plus 6% interest thereon from August 1, 1997 until the award is paid in full; and

2. $225,000 in investment-opportunity costs, and

B. Punitive damages in the amount of $100,000, and

C. Attorneys' fees in the amount of $15,000.

Pl.'s Mem. at 2 (citing NASD Arbitration Award).

Less than one year later, on January 23, 2001, the plaintiffs commenced this action by filing an Application by Motion to Confirm Arbitration Award pursuant to Title 9 U.S.C. § 9. On June 20, 2001, the court

issued a show-cause order instructing the plaintiffs to provide proof of service of process or an explanation for why they had not effected service. On June 26, 2001, the plaintiffs filed documentation showing that defendant Wang had been served in person on January 23, 2001 ("notwithstanding his attempts to avoid such service by threats of bodily harm ... directed at the process server"), and that substituted service was made on defendant Teseo on May 23, 2001. *See* Pls.' Mot. and Decl. for Entry of Default Judgment and Taxation of Costs ("Pls.' Mot.") at 1–2. On June 29, 2001, the court issued a show-cause order to the plaintiffs for failure to prosecute, and instructed the plaintiffs to respond by July 12, 2001.

On July 12, 2001, the court clerk entered default against the defendants. The plaintiffs also filed a motion for entry of default judgment and taxations, along with accompanying documentation. At no point in the course of this litigation has either defendant filed responsive pleadings or otherwise appeared before the court.

## III. DISCUSSION

### A. Default Judgment

 Federal Rule of Civil Procedure 55(a) provides for default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint. *See Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir.1971), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded. *See SEC v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir.1975); *see also Au Bon Pain Corp.*

*v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The court need not make this determination through a hearing, however. Rather, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979).

In this case, the court may enter default judgment to confirm the arbitration award because neither defendant has filed or served any objection or responsive pleading, and more than twenty days have elapsed since each defendant was served. *See* FED.R.CIV.P. 12. The court also has the authority to enter the default judgment because the NASD Arbitration Award sought to be confirmed "can by computation be made certain." *See* FED.R.CIV.P. 55(b)(1).

### B. Confirmation of the NASD Arbitration Award

Under Title 9 U.S.C. § 9, the district court may confirm an NASD arbitration award:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such par-

ty as though he had appeared generally in the proceeding.

9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986).

 The plaintiffs have satisfied each element of this statute. First, the defendants agreed that a judgment may be entered by a court confirming the NASD arbitration award. *See* Pls.' Mem. at 4. As the plaintiffs explain, the defendants registered with the NASD as representatives of a member. *See id.* By doing so, the defendants agreed to have the plaintiffs' claims resolved by the NASD under its Code of Arbitration Procedure because the plaintiffs' claims arose from the defendants' alleged misconduct while acting as registered representatives. *See id.* (citing NASD Code of Arbitration Procedures, NASD Rule 10301(a) (stating that "Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code . . .")).

In addition, the defendants agreed to have the NASD Arbitration Award entered as a judgment of this court. The NASD Code of Arbitration Procedure states that: "(a) All awards shall be in writing and signed by a majority of the arbitrators or in such manner as is required by applicable law. *Such awards may be entered as a judgment in any court of competent jurisdiction." See* NASD Rule 10330(a) (emphasis added).

Finally, this court has jurisdiction to enter judgment confirming the award be-

cause the NASD hearing was held in the District of Columbia, the parties did not specify any other court for confirming the award, and each defendant received proper service of process. *See* Pls.' Mem. at 5.

## IV. CONCLUSION

For the reasons stated above, the court will enter default judgment and tax costs against the defendants and confirm the NASD Arbitration Award pursuant to Title 9 U.S.C. § 9. On Order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously executed this _____ day of July 2001.