**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAMES BOLAND *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:    11-496 (RC) |
| | : | |
| v. | : | Re Document No.:   16 |
| | : | |
| BRADER MARBLE & GRANITE, LLC *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**I.  INTRODUCTION**

The plaintiffs in this action are the trustees of various multiemployer pension funds. They allege that defendants Brader Marble & Granite, LLC, Brader Tile & Marble, LLC, and Empire Natural Stone and Tile, LLC, violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, by failing to contribute any payments to the funds between January 2007 and September 2010.   The plaintiffs seek $33,937.38 for unpaid contributions, interest, and other costs and fees.

The plaintiffs properly served their complaint on these defendants, *see* ECF Nos. 9–11, and the plaintiffs obtained an entry of default from the Clerk of the Court after the defendants failed to respond, *see* ECF No. 14.  Now before the court is the plaintiffs' motion for default judgment under Federal Rule of Civil Procedure 55(b).

Although courts prefer to resolve disputes on their merits, a default judgment is appropriate when the adversarial process has been effectively halted by a party's failure to respond.  *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).  Rule 55 sets forth a two-step process for the entry of default judgment.  First, the clerk of the court must enter default.  FED. R.

CIV. P. 55(b)(2). After the clerk's entry of default, the plaintiff may move for a default judgment. *Id.*

When ruling on such a motion, the defendants' liability is established by their default. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). However, default does not establish the amount of damages owed. *Id.* Instead, the court must ascertain the sum to be awarded; this determination may be based on the plaintiff's affidavits. *Nat'l Shopmen Pension Fund v. Russell*, 2012 WL 2371443, at *3 (D.D.C. June 25, 2012).

Under 29 U.S.C. § 1132(g), plaintiffs may recover damages for: the unpaid contributions, *see id.* § 1132(g)(2)(A); interest on those unpaid contributions, *see id.* § 1132(g)(2)(B); an amount equal to the greater of: (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan, which must not exceed 20 percent of the unpaid contributions, *id.* § 1132(g)(2)(C); reasonable attorney's fees and costs; *id.* § 1132(g)(2)(D); and other legal or equitable relief the court deems appropriate, *see id.* § 1132(g)(2)(E).

Along with their motion, the plaintiffs have submitted an affidavit from David Stupar, an authorized representative of the funds. *See* Pls.' Mot., Ex. 1. The affidavit establishes that the plaintiffs are entitled to recover $10,642.97 in unpaid contributions, $6,015.10 in interest on those unpaid contributions, $6,015.10 in interest under § 1132(g)(2)(C), $350.00 for this court's filing fee, the process server's $442.00 fee, and $10,472.21 in audit fees. *Id.* ¶¶ 12–17. The plaintiffs are therefore entitled to recover $33,937.38.

The plaintiffs are also entitled to an order requiring the defendants to turn over their books and records for inspection. *See Flynn v. Masonry*, 444 F. Supp. 2d 221, 223 (D.D.C. 2006). In addition, the plaintiffs seek an order declaring that Brader Marble & Granite, LLC, Brader Tile & Marble, LLC, and Empire Natural Stone and Tile, LLC are jointly and severally

liable because they are "alter ego" companies. Companies are "alter egos" if they share substantial similarities in their ownership, management, business, purpose, operations, equipment, and customers. *Flynn v. R.C. Tile*, 353 F.3d 953, 958 (D.C. Cir. 2004). Based on the unrebutted statements contained in the plaintiffs' affidavit, the court concludes that Brader Marble & Granite, LLC, Brader Tile & Marble, LLC, and Empire Natural Stone and Tile, LLC are "alter ego" companies. *See* Pls.' Mot., Ex. 1 ¶ 8. As such, they are jointly and severally liable. *Intern. Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F. Supp. 2d 89, 95 (D.D.C. 2011). Finally, the plaintiffs seek an order directing the defendants to comply with their obligations under ERISA, which the court deems proper. *See id*.

For the foregoing reasons, the court grants the plaintiffs' motion for default judgment. An order consistent with this memorandum opinion is separately issued this 23rd day of October, 2012.

RUDOLPH CONTRERAS
United States District Judge