# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES BOLAND, *et al.*                      :
                                            :
        Plaintiffs,                 :          Civil Action No.:    1:14-cv-00441 (RC)
                                            :
        v.                          :          Re Document No.:   6
                                            :
P.I. CONSTRUCTION LLC,                      :
                                            :
        Defendant.                  :

## MEMORANDUM OPINION

## GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") and the International Masonry Institute ("IMI") to enforce the terms of a collective bargaining agreement ("Agreement") adopted by the Defendant, P.I. Construction LLC, as well provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Specifically, the Plaintiffs allege that the Defendant violated ERISA and the Agreement by failing to make certain payments to the IPF and IMI for covered work performed by the Plaintiffs' beneficiaries from April 2013 through May 2014.

The Plaintiffs properly served their complaint on the Defendant. *See* ECF Nos. 3-4. After the Defendant failed to respond, the Plaintiffs obtained an entry of default from the Clerk of the Court. *See* ECF No. 5. The Plaintiffs now move the Court to enter a default judgment against the Defendant under Federal Rule of Civil Procedure 55(b) for unpaid contributions, interest, liquidated damages, and other costs and fees.

## II. ANALYSIS

While courts prefer to resolve disputes on their merits, a default judgment is appropriate when the adversarial process has been effectively halted by a party's failure to respond. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Rule 55 sets forth a two-step process for the entry of a default judgment. First, the clerk of the court must enter default. *See* Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default, the plaintiff may move for a default judgment. *Id*. When ruling on such a motion, a defendant's liability is established by the default. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Default does not, however, establish the amount of damages owed. *Id*. Instead, the court must ascertain the sum to be awarded, which may be based on the plaintiff's affidavits. *Nat'l Shopmen Pension Fund v. Russell*, 283 F.R.D. 16, 19-20 (D.D.C. 2012). Under 29 U.S.C. § 1132(g), plaintiffs may recover damages for: (1) the unpaid contributions, *see id.* § 1132(g)(2)(A); (2) interest on those unpaid contributions, *id*. § 1132(g)(2)(B); (3) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan, which must not exceed 20 percent of the unpaid contributions, *id*. § 1132(g)(2)(C); (4) reasonable attorneys' fees and costs, *id*. § 1132(g)(2)(D); and (5) other legal or equitable relief the court deems appropriate, *id*. § 1132(g)(2)(E).

Along with their amended motion for default judgment, the Plaintiffs have submitted an affidavit from David F. Stupar, an authorized representative of the IPF and IMI. *See* Pls.' Am. Mot. Ex. A at 1, ECF No. 7-1. The affidavit establishes that the Plaintiffs are entitled to recover: $28,062.88 in known and estimated delinquent contributions;[1] $2,234.87 in interest on the

---

[1] The Defendant submitted reports to the Plaintiffs for work performed from April 2013 to November 2013, allowing the Plaintiffs to calculate the exact amount owed in unpaid contributions during that period. Pl.'s Am. Mot. Ex. A at 2. From December 2013 to May 2014, however, the Defendants did not submit the required reports: thus, the Plaintiffs have estimated the amount owed in contributions for covered work performed during that time. *Id*. at 3.

unpaid contributions; $5,612.58 in liquidated damages on the delinquent contributions;[2] $400.00 in filing fees for this Court; $177.00 in process server fees; and $3,838.40 in attorneys' fees.[3] *See id*. at 3-4. The Plaintiffs are therefore entitled to recover $40,325.73. Finally, the Plaintiffs seek an order directing the Defendant to comply with their obligations under ERISA, which the court deems proper.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Amended Motion for Entry of Default Judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 30, 2014                                          RUDOLPH CONTRERAS
                                                             United States District Judge

---

[2] In their amended motion, the Plaintiffs seek liquidated damages in the amount of $4,774.13. *See* Pl.'s Am. Mot. Ex. A at 3; Ex. B at 3. Liquidated damages are calculated at the rate of 20 percent of the known and estimated delinquent contributions. *Id*. 20 percent of $28,062.88, however, is $5,612.58, not $4,774.13. The Court is unsure of how the Plaintiffs reached their figure: the Plaintiffs, though, are free to file a motion if they disagree with the amount stipulated by the Court.

[3] The Plaintiffs' counsel, which has charged the Plaintiffs less than the firm's market rate in this matter, seeks attorneys' fees based on market rates. *See* Pls.'s Am. Mot. Ex. B, ECF No. 7-2. Given that "in this circuit, the court awards market rate attorneys' fees, where, as here, counsel provides a public-spirited discount to the ERISA plan," *Flynn v. Pulaski Constr. Co.*, Civil Action No. 02-2336, 2006 WL 3755218, at *2 (D.D.C. Dec. 19, 2006), the Court allows the Plaintiffs' counsel to recover the market rates in this action rather than the reduced fees charged to the Plaintiffs.