# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES INTERNATIONAL    :
UNION NATIONAL INDUSTRY    :
PENSION FUND, *et. al.*,    :
   :
      Plaintiffs,    :    Civil Action No.:    19-3758
   :
      v.    :    Re Document No.:    14
   :
TAN FACILITY MAINTENANCE, INC.,    :
   :
      Defendant.    :

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

### I. Introduction

The Plaintiffs in this action are the trustees of the Service Employees International Union National Industry Pension Fund ("SEIU Fund"). SEIU Fund is an employee pension benefit plan within the meaning of Sections 3(2), (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A). Plaintiffs allege that Defendant Tan Facility Maintenance, Inc. violated ERISA by failing to contribute any payments to the funds between the months of August 2016 through July 2017. *See* SEIU Fund Compl. under ERISA for Delinquent Contributions, Interest, Liquidated Damages, Remittance Reports, Attorneys' Fees and Costs ("Compl."), ECF No. 1 ¶ 20. Plaintiffs seek $51,939.20 for unpaid contributions, interest, liquidated damages, and other costs and fees.

The Plaintiffs properly served their complaint on the Defendant, *see* ECF Nos. 5–7, and the Plaintiffs obtained an entry of default from the Clerk of the Court after Defendant failed to

respond, *see* ECF No. 9. Now before the Court is the Plaintiffs' Motion for Default Judgment, ECF No. 14, under Federal Rule of Civil Procedure 55.

## II. Analysis

While courts prefer to resolve disputes on their merits, a default judgment is appropriate when the adversarial process has been effectively halted by a party's failure to respond. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Rule 55 sets forth a two-step process for the entry of default judgment. First, the clerk of the court must enter default. Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default, the plaintiff may move for a default judgment. *Id.*

When ruling on such a motion, a defendant's liability is established by its default. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). However, default does not establish the amount of damages owed. *Id.* Instead, the court must ascertain the sum to be awarded; this determination may be based on the plaintiff's affidavits. *Nat'l Shopmen Pension Fund v. Russell*, 283 F.R.D. 16 (D.D.C. 2012).

Under 29 U.S.C. § 1132(g), plaintiffs may recover damages for the unpaid contributions, *see id.* § 1132(g)(2)(A); interest on those unpaid contributions, *id.* § 1132(g)(2)(B); an amount equal to the greater of: (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan, which must not exceed 20 percent of the unpaid contributions, *id.* § 1132(g)(2)(C); reasonable attorneys' fees and costs, *id.* § 1132(g)(2)(D); and other legal or equitable relief the court deems appropriate, *id.* § 1132(g)(2)(E).

Included with their motion, the Plaintiffs have submitted a declaration from Holdjiny Toussaint, an authorized representative of the SEIU Fund. *See* Decl. of Holdjiny Toussaint, ECF No. 14-2, 1. The declaration establishes that Plaintiffs are entitled to recover: $24,483.37 in unpaid contributions to the SEIU Fund; $11,379.34 in interest on the unpaid contributions to the

SEIU Fund; and $11,379.34 in interest under § 1132(g)(2)(C) to the SEIU Fund[1]. *Id.* 6–12. The

Plaintiffs have also submitted a declaration from Diana M. Bardes, the lead attorney for Plaintiffs

and partner in the firm Mooney, Green, Saindon, Murphy & Welch, P.C. *See* Decl. of Diana M.

Bardes, ECF No. 14-3, 1. The declaration establishes that plaintiffs are also entitled to recover

$4,697.15 in attorneys' fees under § 1132(g)(2)(D). *See id.* 5. The plaintiffs are therefore

entitled to recover a total of $51,939.20[2].

For the forgoing reasons, the Court **GRANTS** the Plaintiff's Motion for Default

Judgment. An order consistent with this Memorandum Opinion is separately and

contemporaneously issued.

Dated: July 10, 2020                                          RUDOLPH CONTRERAS,
                                                             United States District Judge

---

[1] Section 1132(g)(2)(C) provides an option to collect either (i) interest on the unpaid contributions or (ii) liquidated damages, which must not exceed 20 percent of the unpaid contributions. In their Motion, Plaintiffs claim $11,379.34 in liquidated damages but they appear to mean $11,379.34 in interest under Section 1132(g)(2)(C) because the liquidated damages in this case would be capped at $4,896.67. *See* Pls.' Mot. for Default J., ECF No. 14-1, 10.

[2] In their Motion, Plaintiffs gave both $47,241.91 and $47,242.05 as the total absent attorney's fees but this appears to be an error. Upon the Court's calculation, the correct total absent attorney's fees is $47,242.05 based on the declaration of Holdjiny Toussaint. *See* Pls.' Mot. for Default J., ECF No. 14-1, 10.