# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50148

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2014

Lyle W. Cayce
Clerk

GEORGE L. MATASSARIN,

     Plaintiff - Appellant

v.

DENIS GROSVENOR, Individually and as operative on behalf of Deseo, L.L.C., a New Mexico Limited Liability Company and/or as an agent or director of same; DESEO, L.L.C., a New Mexico Limited Liability Company; UNKNOWN, individuals/members responsible for the direction, operation and/or advisement concerning the activities made the basis of this suit; UNKNOWN, officers and directors of Deseo, L.L.C.,

     Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-913

Before KING, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Plaintiff-Appellant George Matassarin ("Matassarin") purchased a condo unit in New Mexico from Defendant-Appellees Deseo, LLC ("Deseo") and its officer, Denis Grosvenor ("Grosvenor"). Matassarin sued Deseo and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50148

Grosvenor in Texas state court for breach of contract, fraud, fraudulent inducement, and various other torts. The case was removed to federal district court. Matassarin filed a motion to remand based on alleged defects in the removal procedure. Meanwhile, Deseo and Grosvenor filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, a motion to dismiss for failure to state a claim. After receiving a report and recommendation on the matter from a magistrate judge, the district court denied the motion to remand. It also granted the motion to dismiss for lack of personal jurisdiction, finding that Deseo and Grosvenor lacked the minimum contacts necessary for Texas to exercise personal jurisdiction. While we agree with the denial of the motion to remand, we hold that Deseo and Grosvenor established the minimum contacts necessary for the district court to assert personal jurisdiction as to Matassarin's fraud and fraudulent inducement claims. Accordingly, we REVERSE in part and REMAND.

## FACTS AND PROCEEDINGS

This dispute arises from Matassarin's purchase of a New Mexico condominium unit, Unit 8A, from Grosvenor and Deseo. Matassarin's complaint alleges that he is a Texas resident and that Grosvenor and Deseo "did business in the State of Texas by sending documents and emails to [Matassarin] in the State of Texas inducing him to purchase [Unit 8A] and in so doing made expressly false and misleading statements." According to the complaint, "[t]he misrepresentations involved direct false statements about the scope and parameter of the use of [the] common area designated for exclusive use by the owner of Unit 8A and what lawfully established common

area for the Condominium, generally and other matters relative to continued use and enjoyment of unit 8A."[1]  His complaint also alleges that:

> [Deseo and Grosvenor] committed fraud in inducing Mr. Matassarin to purchase the property knowing at the time that they intended to disregard the New Mexico Condominium Act and the legal controlling Documentation filed of Record in Taos, County, by selling additional property under the false assertion that the property was part of 'Deseo Condominium' said property having been specifically removed prior to [the date Matassarin purchased Unit 8A] and the rights to develop same having been specifically released by Defendants.

Matassarin submitted a declaration averring that all of Grosvenor and Deseo's communications regarding the purchase of Unit 8A were sent to him in Texas via email and fax.  But Grosvenor submitted a declaration averring that he never "sent any brochures or other written material into the State of Texas to advertise, promote, or offer to sell either the Deseo Condos or Unit 8A."  Deseo's real estate agent, Lisa Davis, also submitted a declaration averring that she had never "solicited, in Texas, the sale of the Deseo Condos or Unit 8A; other than responding by phone or email to communications from people who initiated contact with me."  Further, it is uncontested that Grosvenor and Deseo's other agents never physically visited Texas to sell Unit 8A.

Matassarin's complaint also claims that, after he bought the condo, Grosvenor and Deseo illegally added to the property, unlawfully amended the

---

[1] Matassarin's complaint does not specify the particular misrepresentations made about the "scope and parameter" of the common area.  In a declaration, he states that some representations "concern[ed] use of [the] common area in the Condominium specifically parking."  In particular, he claims that one of Deseo's attorneys told him that the condominium's declaration had been amended, so Matassarin would not have access to two carports.  He states that he "did not know, nor have any way of knowing until after [he] purchased the property," that the amendment to the condominium declaration had not been properly filed.

condominium complex's declaration, converted association funds, threatened and harassed Matassarin, and pressured him and others to let Grosvenor remain involved in running the condominium complex.

Matassarin sued in Texas state court. The causes of action in the complaint are not particularly clear, but it appears to include claims for "fraud in the inducement, outright fraud, breach of fiduciary duty, intentional infliction of emotional, mental, and physical stress," conversion, and breach of contract. He "seeks a judgment protecting the valuation of his property by establishing the lawful parameter and scope of Deseo Condominium," as well as damages, punitive damages, attorney's fees, and costs.

The case was removed to federal court on the basis of diversity jurisdiction. Grosvenor and Deseo then filed a motion to dismiss for lack of personal jurisdiction and, alternatively, a motion to dismiss for failure to state a claim. Matassarin filed a motion to remand, arguing that removal was improper because Deseo and Grosvenor did not properly consent to it and because Deseo failed to attach the process served on it.

On referral from the district court, the magistrate judge recommended denying the motion to remand and granting the motion to dismiss for lack of personal jurisdiction. As to the motion to remand, the magistrate found that Deseo did not have to submit its own process papers and that Deseo's admission through "its managing member Grosvenor" that "it was served on September 20, 2013" was enough to prove the date of service, absent any evidence to the contrary. The magistrate implicitly found that Grosvenor could remove and make judicial admissions on Deseo's behalf, based on his uncontroverted declaration that he was "the sole decision-maker for all activities of Deseo."

As to the motion to dismiss for lack of personal jurisdiction, the magistrate judge found that Grosvenor and Deseo had made insufficient contacts with Texas to create personal jurisdiction.  The magistrate found that "plaintiff's communications with defendants related to the execution and performance of the contract for the plaintiff's condominium are insufficient to assert personal jurisdiction over defendants."  The magistrate also pointed out that most of the contract activity was centralized in New Mexico, that "the only Texas activity that plaintiff has shown" in the contract execution "is unilateral activity by plaintiff," and that a contract for the sale of real property is "performed" where the property is located.  Finally, even assuming that Matassarin had sufficiently pleaded an intentional tort claim, the magistrate judge found that Texas still could not exercise personal jurisdiction over Grosvenor and Deseo because they could not reasonably foresee that Matassarin would be injured in Texas.

Matassarin objected to the magistrate judge's findings.  The district court accepted and adopted the magistrate judge's recommendation in its entirety.  Thus, the district court denied Matassarin's motion to remand, granted Grosvenor and Deseo's motion to dismiss for lack of personal jurisdiction, and dismissed the case for lack of personal jurisdiction.

## STANDARD OF REVIEW

"This court reviews both the district court's denial of [a] motion to remand the case back to state court and its dismissal for want of personal jurisdiction de novo."  *Lewis v. Fresne*, 252 F.3d 352, 356 (5th Cir. 2001). "Where a district court dismisses for lack of personal jurisdiction without a hearing, as in this action, we review the dismissal to determine whether the plaintiff presented sufficient evidence to support a prima facie case supporting jurisdiction."  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d

No. 14-50148

865, 868 (5th Cir. 2001). "We accept the plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve all controverted allegations in the plaintiff's favor." *Id.*

## DISCUSSION

Matassarin raises two arguments on appeal—that his motion to remand should have been granted and that the motion to dismiss for lack of personal jurisdiction should have been denied. We disagree with his first argument, but agree in part with his second argument.

I.

Matassarin argues that the notice of removal contained two fatal procedural defects because Deseo and Grosvenor did not properly consent to removal and Deseo did not attach the process that was supposedly served on it. Both arguments fail.

A.

Matassarin argues that the removal was invalid because Deseo and Grosvenor did not consent to it. To remove a diversity action, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). But "[t]his does not mean that each defendant must sign the original petition for removal." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Instead, there only needs "to be some timely filed written indication from each defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Id.*[2]

---

[2] *Getty Oil* was decided before the removal statute was amended to explicitly provide that all served defendants must join in or consent to the notice of removal. *See Getty Oil*, 841

Deseo and Grosvenor properly consented to removal through their attorney. This consent is clear from the notice of removal, despite several scrivener's errors. The notice of removal refers to both Grosvenor and Deseo as "Defendants," states that both Defendants received "notice of the suit on September 20, 2013," and says that "[a]ll Defendants who have been properly joined and served join in or consent to the removal of this case to federal court." Further, when attorney Marc Wiegand electronically filed the notice of removal, he represented that both Deseo and Grosvenor filed it.

Admittedly, the notice of removal contains several typos using "Defendant" in the singular. For example, it is entitled "Defendant's Notice of Removal," repeatedly requests relief on behalf of "Defendant," and is signed by Wiegand, whose title is listed as "Attorney for Defendant." *See* R. at 5-10. Overall, though, it is clear from the entirety of the document that the notice of removal was filed by Wiegand on behalf of both defendants, despite the typos referring to "Defendant" in the singular rather than the plural.

This conclusion is also supported by the "Supplement to JS 44 Civil Cover Sheet: Cases Removed from State District Court," filed three days after the notice of removal. There, Wiegand represents that he is "Counsel for Defendants" and that "Defendants Denis Grosvenor and Deseo, LLC seek to recover their attorney's fees and costs where applicable law permits." Thus, when submitting the notice of removal, Wiegand was clearly representing both Grosvenor and Deseo and was "purporting to formally act on [both defendants'] behalf in this respect and to have authority to do so." *Getty Oil*, 841 F.2d at 1262 n.11. Matassarin does not adduce any evidence or even suggest that

---

F.2d at 1261 n.9. But nothing in the amended statute changes the *Getty Oil* rule that a representative can sign on behalf of a party. *See* 28 U.S.C. § 1446(b)(2)(A).

No. 14-50148

Wiegand was not really representing Deseo and Grosvenor when he filed the notice of removal, and therefore both defendants properly joined the notice of removal.

B.

Matassarin also argues that the notice of removal was improper because it only attached the process served on Grosvenor, not the process served on Deseo.  As Matassarin points out, a notice of removal must be filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C.A. § 1446.  But Deseo only had to file process that was served upon it, and Matassarin does not provide any proof that he properly served Deseo.  The notice of removal states that "Defendants Grosvenor and Deseo received notice of the suit on September 20, 2013," not that they were properly served on that date.  Indeed, there is no indication in the record that Deseo was ever served.  Deseo should not be penalized for its failure to file a document when there is no evidence that Deseo was even served with it.

Moreover, even if Deseo had been served with process and did not file it with the notice of removal, this defect is not jurisdictional.  *Covington v. Indemnity Ins. Co.*, 251 F.2d 930, 933 (5th Cir. 1958) ("[R]emoval proceedings are in the nature of process to bring the parties before the Federal Court and [ ] mere modal or procedural defects are not jurisdictional.").  Accordingly, the case did not have to be remanded for this alleged defect.

An Eleventh Circuit case, *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150 (11th Cir. 2009), is directly on-point and supports our finding that no remand to state court was necessary.  In *Cook*, the plaintiff similarly alleged that the case should be remanded because the defendants failed to attach all pleadings and process.  *Id.*  The Eleventh Circuit found that remand was unnecessary

8

because the defect was procedural rather than jurisdictional. *Id.* It also found that the plaintiff's conclusory statement that the defendants had not attached the proper pleadings and process was insufficient to show that removal was defective because the plaintiff had "not specified which state court process, pleadings, or orders that were served on the defendants were missing from the defendants' notice of removal." *Id.* Here, Matassarin has similarly failed to specify what process served on Deseo was missing from the notice of removal.

In conclusion, we find that remand to state court was unnecessary based on the procedural defects alleged by Matassarin.

II.

To determine whether the exercise of specific personal jurisdiction[3] would comport with constitutional due process,[4] the court asks three questions:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth*, 472 F.3d at 271 (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). This determination is claim specific, and the existence of specific personal jurisdiction must be established for each individual claim. *Id.* at 274-75.

---

[3] Matassarin does not contend that general personal jurisdiction exists.

[4] The exercise of specific personal jurisdiction also requires the application of the forum state's long-arm statute. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270-71 (5th Cir. 2006). But the Texas long-arm statute extends "to the limits of due process," and so the long-arm inquiry collapses into the due process inquiry. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).

Here, Matassarin's claims are not clearly delineated in his complaint. Liberally construing it, he alleges breach of contract, conversion, breach of fiduciary duty, intentional infliction of emotional and physical distress, fraud, and fraudulent inducement.

As to the breach of contract claim, Grosvenor and Deseo merely contracted with Matassarin, a Texas resident, without executing or performing the contract in Texas. Contracting with a Texas resident is not enough to allow the exercise of specific personal jurisdiction in Texas, even when contract negotiations involve communications with and payments to the Texas resident. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344-45 (5th Cir. 2004). Thus, the district court was correct that Texas could not exercise personal jurisdiction over the breach of contract claim.

Matassarin has waived the conversion claim on appeal because his briefing does not refer to it. *See* Fed. R. App. P. 28(a)(8)(A); *Dontos v. Vendomation NZ Ltd.*, __ F. App'x __, 2014 WL 4562853, at *4 (5th Cir. 2014) (holding that particular claims are waived when the plaintiff provides inadequate briefs regarding their dismissal on specific personal jurisdiction grounds). Even if the conversion claim was not waived, any conversion of condominium association dues occurred outside of Texas, and there is nothing to show that the conversion was so aimed at Texas that it constituted purposeful availment. The breach of fiduciary duty and intentional infliction of emotional and physical distress claims are pleaded too vaguely to allow an adequate analysis of whether Grosvenor and Deseo's contacts with Texas caused or were related to these claims. Further, Matassarin's appellate brief does not discuss specific personal jurisdiction for these claims, so they are also waived. *See id.*

But the district court erred in dismissing the fraud and fraudulent inducement claims that allege that Grosvenor and Deseo misrepresented Unit 8A before the sale.[5]  For an intentional tort claim, purposeful availment can be established through "a single phone call and the mailing of allegedly fraudulent information" to the forum state if "the actual content of communications with a forum gives rise to" the claim, as when the communications' content was allegedly fraudulent.  *Lewis*, 252 F.3d at 355-56 (internal quotation marks omitted); *accord Wien Air*, 195 F.3d at 213 ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.  The defendant is personally availing himself of 'the privilege of causing a consequence' in Texas."); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332-34 (5th Cir. 1982) (holding that a single defamatory phone call into a forum state creates specific personal jurisdiction for a defamation claim).

While Deseo and Grosvenor have submitted a number of declarations, none of them controvert the allegations in Matassarin's complaint that he received fraudulent information from Deseo and Grosvenor inducing him to purchase Unit 8A.  Matassarin's allegations, while perhaps not particularly detailed, are not conclusory.  For example, he alleges that "[t]he misrepresentations involved direct false statements about the scope and parameter of the use of [the] common area designated for exclusive use by the owner of Unit 8A and what lawfully established common area for the Condominium, generally and other matters relative to continued use and

---

[5] Matassarin's appellate brief describes alleged misrepresentations made before but not after the sale.  Thus, to the extent that Matassarin also claims that Grosvenor and Deseo committed fraud after the purchase was completed, these claims are inadequately briefed and so are waived.  *See Dontos*, 2014 WL 4562853, at *4.

enjoyment of unit 8A."[6]   Again, "[w]e accept the plaintiff's uncontroverted, nonconclusional factual allegations as true." *Panda Brandywine*, 253 F.3d at 868 (5th Cir. 2001).   Thus, we must accept as true Matassarin's allegations that fraud occurred before the sale.   Matassarin also submits a declaration averring that he received all of the information about the sale of Unit 8A in Texas, which necessarily means that all of the fraudulent communications before the sale were sent into Texas.   To the extent that Deseo and Grosvenor submit declarations that tend to refute Matassarin's declaration that he received all communications regarding Unit 8A in Texas, we must accept Matassarin's account as true.   *See id.* ("[W]e . . . resolve all controverted allegations in the plaintiff's favor.").

Here, construing the record in the light most favorable to Matassarin, he received fraudulent communications about the purchase of the condominium unit in Texas via email or fax.   Thus, the content of communications sent to Texas gave rise to the fraud and fraudulent inducement claims, which is

---

[6] We find that Matassarin's allegations of misrepresentations about the common area are not conclusory.   But, as explained in footnote 1 above, his complaint does not provide many details about these misrepresentations.   For example, it does not specify what misrepresentations were made about the common area, who made them, or how Matassarin was harmed by them.   These ambiguities may suggest that the complaint does not meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b).   But the district court did not deal with this issue, so we do not reach it.   Moreover, because Matassarin's complaint was originally filed in state court, he should have the opportunity to replead it before it is dismissed for failure to comply with federal pleading standards.   *See* Fed. R. Civ. P. 81(c)(2); *White v. State Farm Mut. Auto. Ins. Co.*, 479 F. App'x 556, 561 (5th Cir. 2012) (per curiam) ("'After removal, repleading is unnecessary unless the court orders it,' Fed. R. Civ. P. 81(c)(2), so we do not fault [the plaintiff] for failing to spontaneously amend his pleading to conform to the federal pleading standard.").

enough to establish minimum contacts. *See Lewis*, 252 F.3d at 358-59; *Wien Air*, 195 F.3d at 213.[7]

The district court did not reach the issue of whether asserting personal jurisdiction would be fair and reasonable. We remand the case for that determination. *See Seiferth*, 472 F.3d at 276 (remanding case where district court did not determine whether asserting personal jurisdiction would be fair and reasonable). Further, the district court did not rule on the motion to dismiss for failure to state a claim, and it may, of course, consider that motion on remand. Finally, we note that "deposition testimony or evidence adduced at a hearing under Fed. R. Civ. P. 12 or at trial might mandate a different conclusion" on the minimum contact analysis. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). Thus, the district court may reconsider the minimum contacts analysis after a Federal Rule of Civil Procedure 12 hearing or at the summary judgment or trial stage of the litigation. *See id.* (reversing and remanding, "without prejudice to a hearing on the jurisdictional issue under Fed. R. Civ. P. 12.").

## CONCLUSION

We AFFIRM the district court's denial of Matassarin's motion to remand. We REVERSE in part the district court's dismissal for lack of personal jurisdiction, but only as to Matassarin's claims that Deseo and Grosvenor committed fraud and fraudulent inducement before the sale of the condominium unit. We REMAND for further proceedings consistent with this opinion.

---

[7] This analysis collapses steps 1 and 2 of the *Seiferth* test. Both steps are satisfied because the contact with Texas caused the intentional tort, which demonstrates purposeful availment *and* that the cause of action arose out of contacts with Texas.