**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JORGE PEREZ; ALEJANDRA TORRES; ARYS SOLANO, <br><br> Plaintiffs, <br><br> v. <br><br> HITT CONTRACTING, INC.; BROTHER'S MECHANICAL, INC.; DAYCJ PLUMBING & MECHANICAL INC.; EDGAR JIMENEZ, <br><br> Defendants. |

Civil Action No. 22-cv-03156 (TSC)

**MEMORANDUM OPINION**

Plaintiffs Jorge Perez, Alejandra Torres, and Arys Solano claim they were underpaid while working on a construction project in violation of the Fair Labor Standards Act (FLSA) and the D.C. Code. Two of the defendants are in default—DayCJ Plumbing & Mechanical Inc. (DayCJ) and Edgar Jimenez ("Defaulting Defendants"). Plaintiffs now move for default judgment, or, in the alternative, summary judgment, against Defaulting Defendants. For the following reasons, the court will GRANT Plaintiffs' motion for default judgment as to Defaulting Defendants.

## I.    BACKGROUND

Plaintiffs sued Defendants HITT Contracting, Inc. (HITT), Brother's Mechanical, Inc. (BMI), DayCJ, and Edgar Jimenez on October 17, 2022, alleging Defendants violated the FLSA, the D.C. Minimum Wage Act (DCMWA), and the D.C. Wage Payment and Collection Law (DCWPCL). Compl., ECF No. 1 at 2, 8–13. Plaintiffs claim they were underpaid while working on a construction project in which they were directly employed by DayCJ, a subcontractor of

BMI, which was performing sheet metal work pursuant to a contract with HITT. *Id.* at 1–2. Jimenez was the President of DayCJ at all relevant times. *Id.* at 5. Perez alleges Defendants failed to pay him for 80 hours of work he performed; Solano alleges Defendants failed to pay him for 273 hours of work; and Torres alleges her wage rate was more than two dollars less than the District of Columbia minimum wage and Defendants failed to pay her for 233 hours of work she performed. *Id.* at 7.

Each Defendant filed a separate answer. *See* ECF Nos. 11, 16, 18, 24. At the outset, DayCJ and Jimenez were jointly represented, and HITT and BMI were each separately represented. Plaintiffs settled with HITT and BMI ("Responsive Defendants") and this court approved the settlement agreements. *See* Joint Mot. for Settlement, ECF No. 25; Order, ECF No. 26. The claims against Responsive Defendants were then terminated. *See* Notice of Voluntary Dismissal, ECF No. 27; Minute Order, May 3, 2023.

On May 17, 2023, counsel for DayCJ and Jimenez moved to withdraw from representation of both clients, claiming that he was not receiving the information and cooperation necessary to provide effective representation. ECF No. 30 at 1. The certificate of service indicates that counsel mailed a copy of the motion to both clients. *Id.* at 2; *see* LCvR 83.6(c) (requiring notice to the party where the party has not consented to withdrawal). At a scheduling conference on May 26, 2023, the court granted the motion to withdraw, set an ascertainment of counsel hearing for June 26, 2023, and ordered DayCJ and Jimenez to inform the court by the date of the hearing whether they had secured replacement counsel, or whether Jimenez planned to proceed pro se. *See* Minute Order, May 26, 2023. The court memorialized its directive by Minute Order, a copy of which was sent to Defaulting Defendants on May 30, 2023.

Neither defendant informed the court of their intentions, and neither defendant appeared at the ascertainment of counsel hearing or had counsel attend on their behalf. *See* Minute Order, June 26, 2023. Plaintiffs subsequently sought and obtained a Clerk's Entry of Default against Defaulting Defendants under Federal Rule of Civil Procedure 55(a) on June 30, 2023, and July 3, 2023, respectively. ECF Nos. 37, 40. Plaintiffs now move for default judgment against Defaulting Defendants, or, in the alternative, summary judgment.

## II.     LEGAL STANDARD

Default judgment under Federal Rule of Civil Procedure 55(b) is appropriate where an unresponsive party halts the adversarial process. *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005). In arguing for default judgment, plaintiffs "may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Id.* The court must take every well-pleaded allegation in the Complaint as true because the Clerk's entry of default under Federal Rule of Procedure 55(a) deems the defendant to have admitted all well-pleaded allegations. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## III.     ANALYSIS

### A. Liability

#### *i. Minimum wage claims*

Plaintiffs first contend that Defendants violated the FLSA and D.C. Code by failing to pay Plaintiffs a minimum wage. The FLSA requires that an employer pay each employee "not less than the minimum wage," 29 U.S.C. § 206(b), of $7.25 per hour, *id.* § 206(a)(1)(C), and the DCMWA requires employers to pay their employees a minimum wage, which, at the relevant time, was $15.20 per hour. D.C. Code § 32-1003(a)(5)(A)(v)–(6)(A). The DCMWA is construed consistently with the FLSA. *E.g.*, *Orellana v. NBSB Inc.*, 332 F. Supp. 3d 252, 257 (D.D.C. 2018); *Steinke v. P5 Sols., Inc.*, 282 A.3d 1076, 1084 (D.C. 2022).

To show that they are entitled to relief on their minimum wage claims, Plaintiffs must first establish that they had an employment relationship with Defaulting Defendants, 29 U.S.C. § 206(b); D.C. Code § 32-1003(a)(5)(A), rather than an independent contractor relationship, *see Rhea Lana, Inc. v. United States*, 925 F.3d 521, 523 (D.C. Cir. 2019). In determining whether an employment relationship exists, the court looks to whether one party has the power to hire or fire the other, supervises and controls their work schedules or conditions of employment, and determines the rate and method of payment. *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001). Plaintiffs submitted declarations contending that Jimenez hired them; that Jimenez and DayCJ set their wage rates and schedules; that "DayCJ" was printed at the top of the time sheets; and that BMI and DayCJ coordinated regarding employee compensation. Perez Dec'l, App., ECF No. 41-3 at App.002–App.003; Solano Dec'l, *id.* at App.007–App.008; Torres Dec'l, *id.* at App.012–App.013; DayCJ Timesheet, *id.* at App.016. DayCJ sent Plaintiffs paychecks signed by Jimenez. Perez Dec'l, *id.* at App.003, App.005; Solano Dec'l, *id.* at App.008; Torres Dec'l, *id.* at App.013. Taken as true, these declarations suffice to show that DayCJ and Jimenez employed Plaintiffs.

Plaintiffs have also established they were not paid the minimum wage. Each Plaintiff declares that Defendants failed to pay them for significant periods of time: Perez 80 hours, *id.* at App.003, Solano 273 hours, *id.* at App.008; and Torres 233 hours, *id.* at App.014. Because Defaulting Defendants have not participated in the litigation, Plaintiffs have been unable to develop the record to include official records of their working hours and Defendants' payment history. In this context, Plaintiffs' declarations suffice to establish liability for Plaintiffs' minimum wage claims. *E.g.*, *Zaldaña v. Morrogh*, No. 20-cv-3810, 2022 WL 203471, at *5

(D.D.C. Jan. 24, 2022) ("[A]ssertions supported by detailed allegations that are fact-specific to each Plaintiff … are sufficient" to establish FLSA violations in declaratory judgment posture).

*ii. Prompt payment claims*

Plaintiffs also allege that Defendants violated the FSLA and D.C. Code by failing to promptly pay them. Courts have interpreted the FLSA to contain an implicit "requirement that wage payments due to employees must be paid promptly and at regular intervals." *Perez v. C.R. Calderon Constr., Inc.*, 221 F. Supp. 3d 115, 138 (D.D.C. 2016) (citing Circuit cases). Similarly, the DCWPCL requires employers to pay employees "on regular paydays designated in advance by the employer and at least twice during each calendar month." D.C. Code § 32-1302. If an employee quits or resigns, the employer must pay the wages that employee is owed "upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier." *Id.* § 32-1303(2). Here, having established an employment relationship with Defaulting Defendants, Plaintiffs need to show only that wage payments were not made promptly at regular intervals to show they are entitled to relief on their prompt payment claims. *See Perez*, 221 F. Supp. 3d at 139–40.

Plaintiffs sufficiently allege they were not paid promptly. Their declarations—signed in August 2023—indicate that Defendants have not paid Plaintiffs for work they completed in 2021 and 2022. Perez Dec'l, ECF No. 41-3 at App.003–App.004 (January 3, 2022, through January 14, 2022); Solano Dec'l, *id.* at App.007–App.008 (March 28, 2022, through May 22, 2022); Torres Dec'l, *id.* at App.014 (March 28, 2022, through May 22, 2022). Taking those allegations as true, the court finds that Defaulting Defendants are liable to Plaintiffs under the FLSA and D.C. labor law.

*iii. Joint and several liability*

Plaintiffs claim Defaulting Defendants are jointly and severally liable on both claims. Mem. in Supp., ECF No. 41-1 at 11–12. Under the FLSA and D.C. law, an employing company and employing individual—such as the President of the company—are jointly and severally liable so long as they both constitute "employers" under the statutes. *See, e.g.*, *Ayala v. Tito Contractors, Inc.*, 82 F. Supp. 3d 279, 288 (D.D.C. 2015); *Perez*, 221 F. Supp. 3d at 144. As explained above, both DayCJ and Jimenez were Plaintiffs' "employers" under the FLSA and D.C. law because they had the power to hire and fire Plaintiffs, set Plaintiffs' wages and schedules, and determined how Plaintiffs would be paid for their work. Consequently, Defaulting Defendants are jointly and severally liable.

**B. Damages**

Plaintiffs may not recover duplicative damages under the FLSA and D.C. law. *See Sanchez v. Devashish Hosp., LLC*, 322 F.R.D. 32, 38 (D.D.C. 2017). Accordingly, they seek damages under D.C. wage-and-hour laws instead of the FLSA. ECF No. 41-1 at 14; *see Sanchez*, 322 F.R.D. at 38 (analyzing damages claim under D.C. law because it is "more generous to employees" (citation omitted)). D.C. law permits plaintiffs to recover "unpaid wages, statutory penalties, and an additional amount as liquidated damages equal to treble the amount of unpaid wages." D.C. Code § 32-1012(b)(1).

Plaintiffs are entitled to $12,750.80 in unpaid wages and wages paid for less than D.C.'s minimum wage of $15.20 per hour. Their declarations indicate that Perez is entitled to 80 hours of pay at his contracted rate of $22 per hour, ECF No. 41-3 at App.003, totaling $1,760, and Solano is entitled to 273 hours of pay at his rate of $22 per hour, *id.* at App.008–App.009, totaling $6,006. Torres is entitled to 233 hours of pay at D.C.'s minimum wage of $15.20

(totaling $3,541.60) along with additional pay for the work she performed for which she was paid $13.00 per hour rather than $15.20 per hour, which she reasonably estimates at 656 hours—approximately 40 hours per week during the period of November 22, 2021, through March 27, 2022 (totaling $1,443.20). In addition to the unpaid wages, under the DCWPCL, Plaintiffs are entitled to liquidated damages in the amount of three times the unpaid wages ($12,750.80)—a total of $38,252.40.

**C. Attorney's Fees and Costs**

D.C. law also permits plaintiffs to recover "costs, including attorney's fees computed pursuant to the [*Laffey*] matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services." D.C. Code § 32-1308(b)(1). Plaintiffs are therefore entitled to collect attorneys' fees and costs in accordance with the affidavits and evidence they submitted and the *Laffey* matrix. *See Salazar*, 123 F. Supp. 2d 8, 14–15; *Sanchez*, 322 F.R.D. at 39–40. Plaintiffs support their request for costs and attorneys' fees with an affidavit from counsel, which provides that one partner (approximately ten years out of law school) and one associate (approximately three years out of law school) worked on the matter for a reasonable total of 22.75 hours—4 hours on pleadings, 9 hours on motions, and 9.75 hours on case development and administration. ECF No. 41-3 at App.017–App.020. The time narratives clarify that Plaintiffs do not seek attorney's fees or costs associated with work on the case pertaining to only Responsive Defendants. *Id.* at App.020.

Applying the *Laffey* matrix, Plaintiffs request $733 per hour for the partner's time and $413 per hour for the associate's time for a total of $12,115.75. *Id.* at App.020. Under D.C. law, plaintiffs are entitled to attorneys' fees under the *Laffey* matrix "at the time the determination is

made," D.C. Code § 32-1308(b)(1), which is $777 per hour for the partner and $437 for the associate, *see Laffey Matrix*, www.laffeymatrix.com/see.html (last visited Nov. 7, 2023). The affidavit also provides for $730 in routine legal costs—$400 for the filing fee and $330 for the process server, ECF No. 41-3 at App.018; *see id.* at App.022–App.023 (statements from the process server), but in the Summary of Damages, Plaintiffs' request only accounts for $330 in costs. Plaintiffs are therefore entitled to the $12,115.75 in attorneys' fees and $330 in costs that they reasonably request, for a total of $12,445.75.

\* \* \*

In sum, Plaintiffs are entitled to recover $12,750.80 in unpaid wages, $38,252.40 in liquidated damages, and $12,445.75 in attorneys' fees and costs, totaling $63,448.95. As Plaintiffs acknowledge, ECF No. 41-1 at 18 n.6, this court must subtract the amount they recovered from their settlement agreements with Responsive Defendants—$38,252.40—from the total amount Plaintiffs are owed. Plaintiffs are therefore entitled to default judgment in the amount of $25,196.55 ($63,448.95 less $38,252.40).

## IV.   CONCLUSION

The court will GRANT Plaintiffs' motion for default judgment as to Defendants DayCJ Plumbing & Mechanical Inc. and Edgar Jimenez. Plaintiffs are entitled to default judgment and a monetary sum of $25,196.55 against these jointly and severally liable Defendants. An Order will accompany this Opinion.

Date: November 7, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge